# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF WISCONSIN
# MILWAUKEE DIVISION

| | |
|---|---|
| DANIEL FARRELL, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> CREDIT BUREAU COLLECTION SERVICES, INC., D/B/A CBCS, <br><br> Defendant. | Case No.: 13-CV-599 <br><br> **CLASS ACTION COMPLAINT** <br><br> **Jury Trial Demanded** |

## INTRODUCTION

1. This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA").

## JURISDICTION AND VENUE

2. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3. Plaintiff Daniel Farrell is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4. Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from him a debt allegedly incurred for personal, family or household purposes.

5. Defendant Credit Bureau Collection Services, Inc., ("CBCS") is an Ohio corporation with its principal place of business located at 250 E. Town St., Columbus, OH 43215. It does business under the fictitious or trade name "CBCS".

6. CBCS is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

7. CBCS is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. CBCS is a debt collector as defined in 15 U.S.C. § 1692a.

**FACTS**

8. On or around July 5, 2012, CBCS mailed a debt collection letter to Plaintiff regarding an alleged debt, allegedly owed to "AT&T Midwest". A copy of this letter is attached to this complaint as Exhibit A.

9. The alleged debt identified in Exhibit A was an alleged credit card account, allegedly owed to Applied Bank and used only for personal, family or household purposes.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. Exhibit A contains the following text:

> We have been authorized to offer you a settlement on this account if you agree to pay 50% of the current balance as indicated above. To take advantage of this offer, please send payment to our office on or before **AUG 03 2012**. In the event you are unable to make the payment within the time frame suggested in this letter, please call our office.

Exhibit A.

12. Exhibit A falsely states that the settlement offer expires on August 3, 2012. In fact, the offer never actually expires.

13. Upon information and belief, CBCS had blanket authority from the creditor to settle consumers' accounts for 50% the amount owed, or less, at any time.

14. Statements such as a settlement offer "is a one time offer," or that the offer is a "limited time offer," or that the offer expires on a specific date, or that payments received after

2

that date would not be eligible for that settlement offer, are false and misleading because the same offer is, upon information and belief, available at any time.

15. Indeed, CBCS sent Plaintiff a similar letter, this time offering a "40% discount," on or about September 1, 2012. A copy of this letter is attached to the complaint as <u>Exhibit B</u>.

16. <u>Exhibit B</u> also falsely states or implies that the settlement offer expires on September 26, 2012. In fact, the offer never actually expires.

17. Such false statements are material false statements, as they impart in the unsophisticated consumer, a false belief that he or she must hurry to take advantage of a limited-time opportunity, when in reality, there is no such time limit.

18. The Seventh Circuit has established "safe harbor" language regarding settlement offers in collection letters:

> As in previous cases in which we have created safe-harbor language for use in cases under the Fair Debt Collection Practices Act, we think the present concern can be adequately addressed yet the unsophisticated consumer still be protected against receiving a false impression of his options by the debt collector's including with the offer the following language: "We are not obligated to renew this offer." The word "obligated" is strong and even the unsophisticated consumer will realize that there is a renewal possibility but that it is not assured.

*Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775-76 (7th Cir. 2007).

19. Defendant did not use the safe harbor language in <u>Exhibit A or B</u>.

20. Upon information and belief, the "deadline" to respond to the settlement offer is a sham. There is no actual deadline. The sole purpose of the purported deadline is to impart in the consumer a false sense of urgency.

## **COUNT I – FDCPA**

21. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

3

22. <u>Exhibits A and B</u> include false statements to the effect that the settlement offer is "a one time offer" and that it expires on a specific date.

23. Upon information and belief, the creditor has granted CBCS the authority to settle Plaintiff's and class members' debts at the offered discount and likely for less at any time, regardless of the supposed deadline.

24. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representation or deceptive means to collect or attempt to collect any debt."

25. 15 U.S.C. § 1692f generally prohibits "unfair or unconscionable means to collect or attempt to collect any debt."

26. CBCS violated 15 U.S.C. §§ 1692e, 1692e(10) and 1692f.

## CLASS ALLEGATIONS

27. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter in the form represented by <u>Exhibit A</u>, (c) seeking to collect a debt for personal, family or household purposes, (d) on or after May 29, 2012, (e) that was not returned by the postal service.

28. The Class is so numerous that joinder is impracticable. On information and belief, there are more than 50 members of the Class.

29. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether the Defendant complied with 15 U.S.C. §§ 1692e and 1692f.

30. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

31. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

32. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

33. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: May 29, 2013

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
David J. Syrios (SBN 1045779)
John D. Blythin (SBN 1046105)
3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
dsyrios@ademilaw.com
jblythin@ademilaw.com